## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **BRUCE J. CRISCUOLO,** | : | **CHAPTER 11** |
| | : | |
| Debtor | : | **BKRTCY. NO.: 14-16946 REF** |

## PLAN OF REORGANIZATION OF BRUCE J. CRISCUOLO DATED OCTOBER 27, 2016

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Bruce Criscuolo (the "Debtor") from his disposable income.

This Plan provides for four (4) classes of claims: Class 1 through 3 are the various secured creditors of Debtor, including a mortgage on Debtor's real estate owned jointly with his (non-filing) wife and two vehicle loans; and Class 4 is the class of general, unsecured creditors, including the unsecured, non-priority portion of the claim of IRS. IRS will receive distribution of 100% of its allowed priority claim, to be paid over 60 months beginning the first month following the Effective Date of the Plan (with a "down payment"), without interest or penalty; Classes 1 through 3 are each treated somewhat differently; the car loans are current but the mortgage is not. Class 4 are general unsecured claims, which will be paid Debtor's disposable income over 60 months post-Confirmation as required by the Code. This Plan also provides for the payment of administrative claims which, if not paid in full, will be paid pursuant to the claimant's agreement with the Debtor. Those administrative claims are estimated to be approximately $25,000.00 by the time of Confirmation.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

*[this space intentionally left blank]*

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01**   **Class 1**         Wells Fargo/Chase Bank - mortgage on Debtor's residential real estate.

**2.02**   **Class 2**         Ally Financial - secured claim on Debtor's 2013 Town & Country vehicle.

**2.03**   **Class 3**         Ally Financial - secured claim on Debtor's 2014 Ford Explorer vehicle.

**2.04**   **Class 4**         General unsecured claims (total approximately $43,000) - this includes that portion of the unsecured part of the IRS claim which may be non-dischargeable, estimated at $40,000.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
# U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

**3.01   Unclassified Claims.**  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

**3.02   Administrative Expense Claims.**  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.  It is more probable than not that such claims will not be paid in full on the Effective Date and that Debtor will present a payment arrangement with counsel at the time of the hearing on Confirmation.

**3.03   Priority Tax Claims.**  IRS - $82,000.  To be paid over 60 months beginning the month following the Effective Date.  A lump sum payment of approximately $15,000 is contemplated as soon as possible (and pursuant to the approval of the Court).  Monthly payments will commence as stated post-Confirmation.  Debtor will seek Court authority to pay IRS in part prior to Confirmation.

**3.04   United States Trustee Fees.**  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.  After confirmation and within thirty (30) days after the end of each calendar quarter, the reorganized debtor shall file with the court and serve on the United States Trustee a quarterly financial report for each calendar quarter, or portion thereof, during which the case remains open, in a format prescribed by the United States Trustee and provided to the debtor by the United States Trustee.  Debtor intends to seek case closure shortly after Confirmation; Debtor will then re-open the case when plan payments have been completed.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

**4.00** Claims and interests shall be treated as follows under this Plan:

**4.01** Class 1     Wells Fargo/Chase Bank.  This claim will be kept current post-conversion and the arrears will be paid through this Plan commencing the month following the payoff of the priority claim of IRS, which is estimated to take 60 months post-Confirmation. Payments on the then-outstanding arrears will then be made over a 20 year period of time, with no further interest or late charges.  Debtor may continue to deal directly with Chase concerning the possibility of a modification of the mortgage debt, which discussions have been ongoing for about 20 months. **This claim is impaired.**

**4.02** Class 2     Ally Financial - Debtor's 2013 Town & Country vehicle.   This claim is now current and shall remain so.  Ally shall retain its lien until the obligation is paid in full.  **This claim is not impaired.**

**4.03** Class 3     Ally Financial - Debtor's 2014 Ford Explorer.   This claim is now current and shall remain so.  Ally shall retain its lien until the obligation is paid in full.  **This claim is not impaired.**

**4.04** Class 4     General unsecured claims (approximately $43,000).  These claims will be paid disposable income over a sixty (60) month period of time beginning 30 days after the Effective Date of the Plan.  Based on current income and expenses, these payments are estimated to be $300-400 per month.  **These claims are impaired.**

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

     **5.01** **Disputed Claim.**  A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (I) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.  Debtor reserves the right to object to any and all claims.

     **5.02** **Claims Filed.**  All claims anticipated by Debtor have been filed pursuant to a Bar date established in Debtor's prior Chapter 13 proceeding.  No further notice is suggested or required.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.01    Assumed Executory Contracts and Unexpired Leases.**

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date: **None.**


# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan will be funded from Debtor's continued employment, and the continued employment of his wife.


# ARTICLE VIII
## GENERAL PROVISIONS

**8.01    Definitions and Rules of Construction.**  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

**8.02    Effective Date of Plan.** The Effective Date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

**8.03    Severability.**  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04    Binding Effect.**  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05    Captions.**  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06    Controlling Effect.**  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

**9.01. Discharge.** On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

## ARTICLE X
## OTHER PROVISIONS

**10.01 Absolute Priority Rule.** To the extent that it is required for confirmation, Mrs. Criscuolo will commit $5,000 personally to the case in satisfaction of the new value exception to the absolute priority rule. The funds will be used to pay down administrative expenses, if necessary. The absolute priority rule would require that Debtor not retain any property to which creditors might have access in satisfaction of their claims. In this case, the Debtor owns no real or personal property with any equity, or that is not exempt. Accordingly, Debtor's unsecured creditors are entitled to nothing. In this case, unsecured creditors will get that which they are entitled to, that is, Debtor's disposable income over a 60 month period of time.

**10.02 Injunction.** Confirmation of this Plan shall permanently enjoin any parties in interest from executing upon assets of the Debtor and/or his wife, Mrs. Criscuolo.

**10.03 Bankruptcy claims/causes of action.** Debtor does not believe any claims for preferences and/or fraudulent conveyances exist, and does not intend to pursue any such claims.

**Respectfully submitted,**

**By:** /s/ Bruce J. Criscuolo
**Bruce J. Criscuolo, Debtor**

**By:** /s/ Kevin K. Kercher
**Kevin K. Kercher, Esq.**
**Attorney for Debtor**